UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JEFFRY DAVIDSON CABALLERO-GOMEZ

                Petitioner,

v.

Kenneth GENALO, New York Field Office Director,
Immigration and Customs Enforcement and Removal
Operations (ICE/ERO), Kristi Noem, Secretary of the
Department of Homeland Security (DHS), Pamela Bondi,
United States Attorney General, Raul Maldonado, Jr.,
Warden, Metropolitan Detention Center, Brooklyn
Respondents.

------------------------------------------------------------------------X

Case No: 26-1328

PETITION FOR WRIT OF
HABEAS CORPUS

## **INTRODUCTION**

NOW COMES Petitioner, by and through undersigned counsel, and respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention at The Metropolitan Detention Center ("MDC") in Brooklyn, New York. Petitioner contests Respondents' determination that he is subject to mandatory detention as an applicant for admission, notwithstanding his more than twelve years of residence in the United States and his lack of any prior encounters with immigration authorities before the instant arrest. He therefore seeks immediate release from detention under the present circumstances as a result of the violation of his due process rights under the Fifth Amendment of the United States Constitution.

The central legal question presented here has recently been considered by hundreds of federal courts across the country: whether a noncitizen who has lived in the United States for many years and is unexpectedly arrested by ICE may be detained for the duration of removal proceedings under a novel interpretation of the Immigration and Nationality Act. Courts within this District and across the country have repeatedly rejected that interpretation, concluding that individuals residing

in the interior of the United States may not be subjected to mandatory detention under INA § 1225(b) and instead may be detained only under the discretionary framework of 8 U.S.C. § 1226.

As applied to Petitioner, recent agency decisions and internal enforcement guidance have resulted in the position that Immigration Judges lack jurisdiction to revisit or disturb DHS custody determinations in cases such as his. The practical effect of this framework is that individuals like Petitioner—longtime residents of the United States arrested in the interior—are denied bond hearings altogether and deprived of any meaningful review of DHS custody determinations, resulting in continued ICE detention without any individualized judicial oversight or forum empowered to conduct a custody determination or order release.

Therefore, Petitioner seeks his immediate release from detention under the unlawful circumstances described above and below.

## PARTIES

1. Petitioner Jeffry Davidson Caballero-Gomez is a native and citizen of Honduras who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Brooklyn MDC, located in King's County, New York. Petitioner is in ICE custody under color of immigration authority and seeks relief through this petition for a writ of habeas corpus to challenge the legality of his detention.

2. Respondent Raul Maldonado, Jr., Warden of the Metropolitan Detention Center ("MDC") in Brooklyn, New York, is Petitioner's immediate custodian and is sued in his official capacity. The Warden is responsible for the day-to-day operation and oversight of the facility where Petitioner is confined and exercises legal and physical control over Petitioner.

3. Respondent Kenneth Genalo is the Field Office Director for the New York Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations

("ICE/ERO"), and is sued in his official capacity. In this role, Respondent Genalo is responsible for the detention and removal operations of noncitizens within the jurisdiction of the New York Field Office, including Petitioner. Respondent Genalo therefore exercises legal authority over Petitioner's detention. Respondent Genalo may be served at: ICE Enforcement and Removal Operations, New York Field Office, 26 Federal Plaza, New York, NY 10278.

4.   Respondent Kristi Noem is the Secretary of the U.S. Department of Homeland Security and is sued in her official capacity. In this role, she has authority under Section 103(a) of the Immigration and Nationality Act, 8 U.S.C. § 1103(a), for the administration and enforcement of the immigration laws of the United States, including the detention of noncitizens. Respondent Noem may be served at: U.S. Department of Homeland Security, Office of the General Counsel, 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485.

5.   Respondent Pamela Bondi is the Attorney General of the United States and is sued in her official capacity. As head of the U.S. Department of Justice, she exercises supervisory authority over the Executive Office for Immigration Review, including the immigration courts and the Board of Immigration Appeals. Respondent Bondi may be served at: U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

## JURISDICTION & VENUE

6.   The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2241, Article I, §9, cl. 2 (the Suspension Clause) and Article III of the U.S. Constitution, the Administrative Procedure Act, 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 (Declaratory Judgment).

7.  An actual and justiciable controversy exists between the parties under 28 U.S.C. § 2201, and this Court has authority to grant declaratory and injunctive relief. Id. §§ 2201, 2202. The Court has additional remedial authority under the All Writs Act, 28 U.S.C. § 1651.

8.  Venue is proper in the Eastern District of New York under 28 U.S.C. § 2241 and 28 U.S.C. § 1391. At the time this proceeding was initiated, Petitioner was detained at the Brooklyn MDC. The Petitioner is presently detained at the direction of Respondents and a substantial part of the events giving rise to the claims and relevant facts occurred within this district.

## STATEMENT OF FACTS

9.  Petitioner Jeffry Davidson Caballero-Gomez (A# 222-514-540) is a native and citizen of Honduras.

10. Petitioner entered the United States near Texas on or about September 24, 2014, without inspection and without being encountered by immigration authorities at or near the border. He has continuously remained in the United States since that time.

11. According to DHS's Form I-213, on or about December 24, 2025, ICE Enforcement and Removal Operations ("ERO") officers and U.S. Customs and Border Protection ("CBP") agents conducting a targeted enforcement operation in Queens, New York encountered Petitioner while searching for another individual. After conducting a records check, DHS alleged that Petitioner had no pending immigration applications or lawful status, despite the existence of a pending Form I-130 petition filed on his behalf by his father.

12. As reflected in the report, DHS officers encountered Petitioner on a public street in Queens, New York, and took him into custody during the enforcement operation. Petitioner was arrested within the interior of the United States, not at or near a port of entry, and without any administrative or judicial arrest warrant authorizing his detention.

13. Following his arrest, Petitioner was eventually taken to The Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he remains detained up to the filing of this Petition.

14. Thereafter, DHS issued a Notice to Appear and classified Petitioner as subject to mandatory detention as an applicant for admission, asserting detention authority applicable to arriving-alien or inspection-stage procedures and relying on recent Board of Immigration Appeals decisions and related agency guidance interpreting detention authority under the Immigration and Nationality Act.

15. As noted above, Petitioner's father, a lawful permanent resident of the United States, filed a Form I-130, Petition for Alien Relative, on Petitioner's behalf in 2019, which remains pending with United States Citizenship and Immigration Services as of the filing of this Petition. The petition was assigned receipt number WAC1990196051.

16. Since being placed in removal proceedings, Petitioner is also pursuing cancellation of removal under INA § 240A(b) (commonly referred to as "42B"), for which a merits hearing date has been scheduled before the Immigration Court.

17. During a hearing on January 21, 2026, counsel for Petitioner inquired—prior to going on the record—whether the Immigration Judge would apply the federal district court decision in *Lazaro Maldonado Bautista v. Ernesto Santacruz Jr.,* No. 5:25-cv-01873 (C.D. Cal.), which addressed the agency's interpretation of detention authority and the scope of Immigration Court bond jurisdiction, in the event Petitioner were to file a future bond request.

18. The Immigration Judge indicated that he did not believe the *Maldonado Bautista* decision required him to exercise jurisdiction over bond and stated that *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), remained controlling. Based on that interpretation, the Immigration Judge

further indicated that, under existing agency precedent, the Immigration Court lacked jurisdiction to review DHS's custody determination.

19. Counsel also observed that, during proceedings that day, Immigration Judge Charles Conroy denied several other bond requests on similar jurisdictional grounds.

20. In light of the Immigration Court's stated position that it lacked jurisdiction to review DHS custody determinations under the governing agency precedent, Petitioner has no meaningful administrative forum through which to obtain an individualized custody determination.

21. Petitioner therefore remains detained pursuant solely to executive custody determinations following his apprehension by ICE, without any neutral adjudicator authorized to review his detention, assess flight risk or danger, or order his release. As applied to Petitioner, this continued detention occurs without the procedural protections required by the Due Process Clause of the Fifth Amendment.

22. Petitioner thus remains deprived of his liberty without meaningful judicial review of the necessity of his confinement. For this deprivation of his liberty and the denial of due process, Petitioner respectfully seeks his immediate release from detention.

## **GROUNDS FOR RELIEF**

### **GROUND ONE**

### **Unlawful Detention Authority and Jurisdictional Misclassification**

*(28 U.S.C. § 2241 — Statutory Claim)*

23. Petitioner realleges and incorporates by reference all preceding paragraphs as if more fully set forth herein.

24. Respondents are unlawfully detaining Petitioner under a theory of mandatory detention applicable to applicants for admission, notwithstanding that Petitioner was apprehended in the interior of the United States during his first encounter with immigration authorities after residing in the United States for more than twelve years.

25. Petitioner was taken into custody on December 24, 2025, during an enforcement operation on a public street in Queens, New York, far from any port of entry and without any administrative or judicial arrest warrant having been issued for him.

26. Despite these circumstances, Respondents have asserted that Petitioner is subject to mandatory detention and that Immigration Judges lack jurisdiction to conduct any custody redetermination hearing.

27. During a hearing on January 21, 2026, counsel for Petitioner inquired—prior to going on the record—whether the Immigration Judge would apply the federal district court decision in *Lazaro Maldonado Bautista v. Ernesto Santacruz Jr.,* No. 5:25-cv-01873 (C.D. Cal.), which addressed the agency's interpretation of detention authority and the scope of Immigration Court bond jurisdiction, in the event Petitioner were to file a future bond request.

28. The Immigration Judge indicated that he did not believe the *Maldonado Bautista* decision required him to exercise jurisdiction over bond and stated that *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), remained controlling. Based on that interpretation, the Immigration Judge further indicated that, under existing agency precedent, the Immigration Court lacked jurisdiction to review DHS's custody determination.

29. This interpretation of the Immigration and Nationality Act has resulted in Petitioner's continued confinement without any forum empowered to review custody, assess risk, or order release.

30. Habeas corpus relief under 28 U.S.C. § 2241 is available to test whether executive detention exceeds lawful statutory authority. Where detention rests on an erroneous statutory classification that forecloses all custody review, continued confinement is unlawful.

31. Because Respondents' detention theory deprives Petitioner of access to any neutral adjudicator capable of reviewing the legality or necessity of his continued detention, Respondents are detaining Petitioner without lawful statutory basis.

32. It bears noting that courts within this judicial district and throughout the United States have repeatedly rejected the Government's asserted interpretation of its detention authority under these circumstances. In numerous decisions, courts have concluded that individuals residing in the interior of the United States may not be subjected to mandatory detention under the Government's present theory and have ordered relief for petitioners similarly situated to Petitioner. For example, in Crespo Tacuri v Genalo, the court found:

> The core legal issue in this case is one considered by hundreds of federal courts over recent months: whether a noncitizen at liberty, residing in the United States for years, and unexpectedly arrested and detained by ICE on the basis of a novel interpretation of the INA, must be detained until the conclusion of their removal proceedings.[6] The judges that have considered this issue within the Eastern District of New York in the last four months have unanimously rejected the government's interpretation. *See, e.g.*, *Iza v. Larocco*, No. 25-cv-06915, 2025 WL 3712274, at *5–6 (E.D.N.Y. Dec. 22, 2025) (Choudhury, J.); *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496, at *3–5 (E.D.N.Y. Dec. 17, 2025) (Merle, J.); *Ye v. Maldonado*, No. 25-cv-06417, 2025 WL 3521298, at *3–6 (E.D.N.Y. Dec. 8, 2025) (Donnelly, J.); *Rodriguez-Acurio*, 2025 WL 3314420, at *12–21 (Choudhury, J.); *O.F.B. v. Maldonado*, —– F. Supp. 3d ——, No. 25-cv-06336, 2025 WL 3277677, at *3–5 (E.D.N.Y. Nov. 25, 2025) (Gonzales, J.); *Sarmiento Guerrero v. Noem*, No. 25-cv-05881, 2025 WL 3214787, at *3–6 (E.D.N.Y. Nov. 18, 2025) (Komitee, J.); *Hyppolite v. Noem*, No. 25-cv-04304, 2025 WL 2829511, at *7–12 (E.D.N.Y. Oct. 6, 2025) (Morrison, J.); *Artiga v. Genalo*, No. 25-cv-05208, 2025 WL 2829434, at *4–8 (E.D.N.Y. Oct. 5, 2025) (Merchant, J.); *J.U. v. Maldonado*, —— F. Supp. 3d ——, No. 25-cv-04836, 2025 WL 2772765, at *4–9

(E.D.N.Y. Sept. 29, 2025) (Merchant, J.). More broadly, of the over two dozen district courts throughout the Second Circuit to consider the issue, all but two have sided with the view of the overwhelming majority of courts nationwide. *See Ye*, 2025 WL 3521298, at *2 n.7 (noting that only two decisions within the Second Circuit have agreed with the government's interpretation of the INA); *Barco Mercado*, 2025 WL 3295903, at *13 (listing seventeen pre-November 26, 2025 cases within the Second Circuit that ruled against the government). *But see Candido v. Bondi*, No. 25-cv-00867, 2025 WL 3484932, at *1–4 (W.D.N.Y. Dec. 4, 2025) (upholding government's interpretation); *Chen v. Almodovar*, No. 25-cv-08350, 2025 WL 3484855, at *4 (S.D.N.Y. Dec. 4, 2025) (same). Crespo Tacuri v Genalo, 25-CV-06896 (NCM), 2026 WL 35569, at *3 [EDNY Jan. 6, 2026]

33. In Crespo Tacuri v Genalo, the Court went on to find that the appropriate remedy for such a deprivation was the Petitioner's immediate release from custody. *Id.*

---

### GROUND TWO

**Violation of the Fifth Amendment Due Process Clause**

*(Prolonged Detention Without Any Individualized Custody Hearing)*

34. Petitioner realleges and incorporates by reference all preceding paragraphs as if more fully set forth herein.

35. Even if Respondents contend that Petitioner's detention is authorized under the immigration detention provisions of the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment independently limits the Government's authority to detain individuals within the United States.

36. Petitioner has been detained since December 24, 2025, following his apprehension during an interior enforcement operation in Queens, New York, after residing in the United States for more than twelve years without any prior encounters with immigration authorities.

37. Throughout Petitioner's detention, no neutral decision-maker has conducted any individualized custody determination, including any assessment of flight risk, danger to the community, or the necessity of continued confinement.

38. As a result, Petitioner's continued detention rests solely on executive custody determinations, without any adversarial process, burden of proof, or meaningful opportunity to contest his confinement before a neutral adjudicator.

39. Civil immigration detention without any individualized custody hearing, and without any forum capable of ordering release, violates fundamental due process protections.

40. Courts within this Circuit and across the country have repeatedly recognized that noncitizens physically present in the United States are entitled to the protections of the Due Process Clause of the Fifth Amendment.

41. As explained by numerous courts addressing circumstances similar to those presented here:

> The facts of this case are similar to many other cases within this Circuit and across the country where courts have concluded that noncitizens present in the United States enjoy the protections of the Due Process Clause, including this Court in Y- C-, 2025 W 3653496. Thus, the Court need not belabor the point again. As a "person[ ] within the United States," petitioner enjoys due process rights. Zadvydas, 533 U.S. at 693; see Barrera Simon v. Olson, No. 25-cv-14799, 2025 WL 3567469, at *6 (N.D. Ill. Dec. 13, 2025) ("The Fifth Amendment's Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.") (citing Zadvydas, 533 U.S. at 693); see also Rocano Buestan, 2025 WL 3496361, at *4 (holding that procedural due process rights applied to petitioner who entered without inspection); R.P.L., 2025 WL 3731864, at 3 (same). Crespo Tacuri v. Genalo, 25-CV-06896 (NCM), 2026 WL 35569, at 6 (E.D.N.Y. Jan. 6, 2026).

42. These principles apply with full force here, where Petitioner—an individual residing in the United States for more than a decade—has been detained without any opportunity to obtain an individualized custody determination before a neutral adjudicator.

43. Because Petitioner has been detained without any meaningful opportunity to challenge the necessity of his confinement, his continued detention violates the Fifth Amendment's guarantee of due process.

44. Petitioner is therefore entitled to habeas relief including his immediate release from custody and enjoining the respondents from violating his rights again, or at minimum, and in the alternative, order Respondents to provide a prompt and constitutionally adequate individualized custody hearing before a neutral adjudicator with authority to order release.

## NO ADEQUATE ALTERNATIVE REMEDY

45. Petitioner has no meaningful administrative avenue through which to obtain review of his continued detention.

46. Under the agency's current detention policies, Immigration Judges have routinely concluded that they lack jurisdiction to conduct custody redetermination hearings for individuals detained under the Government's present interpretation of detention authority.

47. As a result, requests for bond or custody review in cases such as Petitioner's are routinely denied on jurisdictional grounds, leaving detainees without any forum capable of conducting an individualized custody determination.

48. Because the Immigration Court has taken the position that it lacks jurisdiction to review custody determinations under this framework, Petitioner has no available administrative forum through which to seek meaningful review of his detention.

49. Under these circumstances, requiring Petitioner to pursue further administrative proceedings would be futile, as the agency's position on the absence of custody jurisdiction has already been firmly established and consistently applied.

50. Because no administrative forum remains available to test the legality or constitutionality of Petitioner's confinement, habeas corpus under 28 U.S.C. § 2241 is the only remaining mechanism through which Petitioner may obtain judicial review and relief from unlawful detention.

### RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Petitioner respectfully requests that this Court grant the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, order Petitioner's immediate release from custody, order that Petitioner shall not be re-detained pursuant to 8 U.S.C. § 1225(b)(2) absent a material change in relevant circumstances, direct Respondents to certify compliance with the Court's order of release within a time period set by the Court, and award attorneys costs and fees under the EAJA, and grant such other and further relief as the Court deems just and proper.

Dated Mar. 6, 2026

Respectfully submitted,

By:/s/ *Robert C. Barchiesi*
Robert C. Barchiesi, II, Esq.
PA Bar ID No. 328056
Barchiesi Law PLLC
1650 Market St., Ste 3600
Philadelphia, PA 19103
robert@barchiesilaw.com
(215) 543-6788
*Counsel for Petitioner*

*\*Admission Pro Hac Vice Forthcoming*